UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL ALLEN BERGERON,

    Plaintiff,

v.

OAKLAND COUNTY, *et al.*,

    Defendants.

_____/

Case No. 2:24-cv-12236

Hon. Nancy J. Edmunds

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

This is civil rights case is brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff Paul Allen Bergeron is a pretrial detainee presently confined in the Oakland County Jail. Plaintiff's complaint names 25 defendants.[1] For the reasons stated below, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim and immunity. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).

### I.    BACKGROUND

Plaintiff's claims arose during his incarceration at the Oakland County Jail and have been ongoing for the past nine months. He sues Oakland County, the Oakland County Sherriff's Department, Chief Judge Martha Anderson, Judge Ronda Gross, Prosecutor Erika Smith, Oakland County Prosecutor Karen McDonald, Deputy Zischerk, Deputy Eckert, United States Attorney Barbara McQuade, former United States

---

[1] Plaintiff has also filed letters to the Court, indicating additional facts in support of his claims. (*See* ECF Nos. 7, 8, and 9.) For purposes of screening, the Court will treat these letters as supplementing the complaint.

Attorney General Janet Reno, Undersheriff Mark Thompson, Supervisor K. Gilbert, Lieutenant D. Gracey, Lieutenant M. Bakks, Sergeant L. Moore, Flooring Installer Mark Simmons, Sr., Former Cook Anita Maria Rivera, Attorney John C. Secrest, Supervisor Khammo. Captain T. Vida, Deputy P. Leja, Assistant Oakland County Prosecutor Marissa Fillmore, Governor Gretchen Whitmer, Michigan Department of Corrections Director Heidi Washington, and Jail Deputy Nava Alcievado.

Plaintiff's allegations are largely conclusory and difficult to follow. The Court understands the following facts.  Publicly available records for Oakland County Circuit Court indicate that Plaintiff is facing criminal charges in three different cases.  In Case No. 2024-291306-FH, Plaintiff is charged with failing to register as a sex offender in violation of Mich. Comp. Laws § 28.729.  In Case No. 2024-290737-FH, he is charged with three counts of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a and three counts of using a computer to commit a crime, Mich. Comp. Laws § 752.797(3)(d).  Plaintiff also has a pending violation of probation in Case No. 2021-276962-FH.

Plaintiff's complaint appears to challenge, in part, his pending state criminal proceedings. Specifically, he alleges that the prosecutors initiated false charges against him. He also alleges that the state courts have caused inordinate delay in his case and have prevented him from placing evidence on the record.  (ECF No. 1, PageID.10.)  He claims that he has been falsely arrested and falsely imprisoned.  (*Id*. at PageID.11.)  He further claims that his criminal prosecution is part of a larger conspiracy to illegally charge and convict sex offenders.  (*Id*. at PageID.10, 18-19.)

Next, Plaintiff alleges that he has been subjected to numerous threats and physical and sexual abuse while incarcerated at the Oakland County Jail because of his sex offender history and his "exposure of corruption" in the state and federal governments.  (*Id*. at PageID.15.)  He appears to allege that Defendant Thompson failed to protect him from the alleged abuse and allowed it to occur.  (ECF No. 7, PageID.37.) Plaintiff alleges that he has filed grievances on the matter, which have been denied.  He also states that several jail defendants conspired to "cover up" the assaults.  He complains that Defendant Eckert has refused to allow him to press charges against his attacker after being assaulted on May 14, 2024. (ECF No. 1, PageID4.)  He complains that Defendant Zischerk obstructed court mailings to Judge Gross.  (*Id*. at PageID.4.)  Plaintiff further alleges that the Oakland County Sherriff's Department is using "illegal electronics to coerce in criminal investigations as well as to stop civil complaint." (ECF No. 7, PageID.38.)  Plaintiff also asserts that his treatment in jail is part of a conspiracy "to torture/abuse a certain class of prisoners—sex offenders." (ECF No. 1, PageID.20.)  Plaintiff alleges that he fears for his life.

Plaintiff appears to seek relief in the form of dismissal of his pending state criminal case, and relocation from the Oakland County Jail.

## II.     Legal Standard

Plaintiff has been granted *in forma pauperis* status. (ECF No. 6.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 42 U.S.C. §

1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking relief against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a

4

person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); see also *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. Discussion

A. *Younger* Abstention

As an initial matter, Plaintiff's complaint appears to challenge, in part, his ongoing state criminal proceedings. Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44–55 (1971). This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id*. at 44.

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff challenges the validity of his arrest, the basis for the charges, and the integrity of his criminal case in his ongoing criminal proceedings. Second, Plaintiff's criminal proceedings involve important state interests. See *Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); see also *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir.

5

1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his constitutional challenges. Abstention, therefore, is appropriate.

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd*., 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). Plaintiff alleges no such facts in this case. He should first present his claims in his state criminal proceedings, not in a federal civil rights action.

*Younger* abstention sometimes warrants dismissal of a claim without prejudice. "[T]he United States Supreme Court has held that '[u]nder our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.' " *Id*. (quoting *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 731 (1996)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1079 (6th Cir. 1998) (Moore, J., concurring in part) (finding that "[w]hile Quackenbush involved Burford abstention, its reasoning applies with equal force to *Younger* abstention"). Plaintiff appears to seek only equitable relief; therefore, the Court will dismiss these claims without prejudice.

6

B. <u>Failure to State a Claim</u>

First, the Court concludes that Plaintiff's claims against Defendants Secrest, McQuade, Reno, Washington, Alcievado, and Whitmer must be dismissed for lack of personal involvement. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). Although Plaintiff named these individuals as defendants in his complaint, he did not include any factual allegations explaining how Secrest, McQuade, Reno, Washington, Alcievado, and Whitmer violated his constitutional rights.[2] Rule 12(b)(6) of the Federal Rules of Civil Procedure requires a plaintiff to allege facts sufficient to state a claim for relief that is "plausible on its face." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017). Since Plaintiff has not clearly alleged that these Defendants did or failed to do something to violate his rights, any claims against them must be dismissed.

For the same reasons, Plaintiff does not sufficiently allege the personal involvement of Defendant Khammo for failing to investigate his claims of abuse. The failure to investigate another person's alleged constitutional violation "do[es] not constitute 'active constitutional behavior' as required and thus, [is] not actionable" under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, a prison official's

---

[2] To the extent that Plaintiff avers that Defendant McQuade "has allocated funds and used influence in Michigan, including the governor's office to have [him] wrongfully incarcerated, abuse, assaulted/raped," (ECF No. 1, PageID.4) his assertion is vague, conclusory, and speculative.

purported failure to investigate or take corrective action does not constitute personal involvement in the underlying alleged unconstitutional conduct. *See Knop v. Johnson*, 977 F.2d 996, 1014 (6th Cir. 1992). Accordingly, Plaintiff's claim against Defendant Khammo is dismissed.

Second, the Court concludes that Plaintiff's claims against Defendants Simmons, Sr. and Rivera must be dismissed because they are not state actors. Plaintiff states that Simmons Sr. is a flooring installer and Rivera is a former cook. A plaintiff generally cannot sue a private individual for violations of his constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Private parties are liable under § 1983 only if they are "state actor[s]" that operated under "under color of law" such that their "private conduct is fairly attributable to the state." *Moldowan v. City of Warren*, 578 F.3d 351, 399–400 (6th Cir. 2009). Plaintiff has not alleged any facts suggesting that Simmons, Sr. has acted in a way that attributes their private conduct to state action. To the extent that Plaintiff alleges that Rivera acted under color of law because she assisted the prosecutor's office and state police in "setting him up" for sex crimes, his claim still fails. (ECF No. 1., PageID.6.) Although "claims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss," *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007), Plaintiff's allegations are the exact sort of "vague and conclusory allegations unsupported by material facts" that "are not sufficient to state a claim" in federal court. *Hamilton v. City of Romulus*, 409 F. App'x 826, 835 (6th Cir. 2010). For these reasons the Court dismisses Defendants Simmons, Sr. and Rivera from the complaint.

Third, Plaintiff fails state a claim against Defendants Moore and Gilbert solely based on the denial or rejection of grievances. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. Oct. 30, 2003) ("there is no inherent constitutional right to an effective grievance procedure") (citing cases). For this reason, the denial of a grievance fails to state a claim under § 1983. *Gibbs v. Laughhunn*, No. 16-1771, 2017 U.S. App. LEXIS 13760, at *5 (6th Cir. Feb. 2, 2017). The Court dismisses Plaintiff's claims against Defendants Moore and Gilbert.

Fourth, Plaintiff's Eighth Amendment claims against Defendant Thompson are wholly conclusory and, therefore, subject to dismissal. Plaintiff generally alleges that "Undersheriff Mark Thompson . . . is responsible for having sex offenders and those whom are not, assaulted and sexually abused by inmates and officers." (ECF No. 7, PageID.37.) Plaintiff further alleges that he has been "assaulted again by the act of rape/sodomy" and that "illegal electronics" are being used on him. (*Id.*; ECF No. 1, PageID.21.) He claims that his life is being repeatedly threatened in jail and that he fears for his safety.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v.*

*Palmer*, 468 U.S. 517, 526–27 (1984)). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. To show a violation of this right, a plaintiff must show that the defendants were deliberately indifferent to the plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). Although a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least show that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

However, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). Otherwise, it is unduly burdensome (if not impossible) for any particular Defendant to meaningfully respond to the claims asserted against them. Therefore, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. "Legal conclusions that are 'masquerading as factual allegations' will not suffice." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563–64 (6th Cir. 2011) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (other citations omitted)). Here, Plaintiff does not allege what Defendant Thompson did or did not do to make him responsible for the alleged physical and sexual

10

assaults. Nor does Plaintiff allege who assaulted him and when the attacks occurred. The lack of factual detail supporting Plaintiff's claims for relief and the vague and conclusory nature of his allegations are sufficient reasons to dismiss his claims without prejudice for failure to adequately state a claim for relief.[3] *See Iqbal*, 556 U.S. at 678; *Hill*, 630 F.3d at 470.

Fifth, Plaintiff's civil conspiracy claims against Defendants Gracey, Bakks, Vida, Leja are subject to dismissal. Plaintiff alleges that each of these Defendants "helped cover up" the alleged physical and sexual assaults and government corruption against sex offenders. (ECF No. 1, PageID.5, 7; ECF No. 1, PageID.19.) To state a conspiracy claim under § 1983, a plaintiff must show, not merely conclude: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his or her civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). Here, Plaintiff fails to allege any facts support his conspiracy claims. Because Plaintiff's claims are wholly conclusory, the Court dismisses these claims from the complaint.

---

[3] Plaintiff has made similar allegations of threats and abuse during his incarceration in other civil cases, which were dismissed for failing to state a claim. *See Bergeron v. Washington et al.*, 1:16-cv-476 (W.D. Mich. Jun. 3, 2016) (Plaintiff sued 63 Defendants, claiming in a conclusory fashion that he had been repeatedly harassed, threatened, abused and tortured with electronic devices at various MDOC facilities); *Bergeron v. Washington et al.*, No. 1:16-cv-460 (W.D. Mich. Oct. 20, 2016) (Plaintiff alleged that he was being harassed as a sex offender, that he had been threatened in front of staff by a prisoner, that his grievances were being ignored).

Sixth, Plaintiff fails to state a claim against Defendant Zischerk for denial of access to the courts. Plaintiff summarily alleges that Defendant Zischerk "obstructed court mailing to Judge Ronda Gross 50th District Court after taking [his] mail on bodycam." (ECF No. 1, PageID.4.) Plaintiff's access to courts claim appears to implicate his recent criminal proceedings. Prisoners have a constitutional right of meaningful access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Meaningful access to the courts under the First Amendment will vary with the circumstances, and officials are to be accorded discretion in determining how that right is to be administered. *Id*. at 830-31; *John L. v. Adams*, 969 F.2d 228, 233-34 (6th Cir. 1992). To state a claim for a denial of access to the courts, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). Plaintiff fails to allege that he suffered any prejudice to his criminal case from Defendant's Zischerk's obstruction of mailing. As such, Plaintiff has failed to state a First Amendment claim based on access to the courts.

Seventh, Plaintiff complains that Defendant Eckert prohibited Plaintiff from pressing charges against an individual named Joshua after an alleged assault occurred on May 14, 2024. (ECF No. 1, PageID.4.) The decision regarding whether to initiate a criminal prosecution rests with a prosecutor, not the Court. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable

12

interest in the prosecution or nonprosecution of another."). And a private citizen has no protected legal interest in the investigation or prosecution of a crime. *See Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996) (noting the absence of law allowing a Section 1983 action to force the state to prosecute). Therefore, Plaintiff has no right to demand that charges be brought against an inmate and the Court dismisses this claim.

Eighth, Plaintiff fails to state a claim against Oakland County and its Sheriff's Department. In *Monell*, the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983. *Monell*, 436 U.S. at 694. In so ruling, however, the Supreme Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, i.e., through application of the doctrine of respondeat superior. Rather, the Court concluded, a governmental unit may be liable under § 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the constitutional injury. *Id*. The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible, i.e., acts that the municipality has officially sanctioned or ordered. *Id*. Moreover, mere identification of a policy or custom is not enough to establish municipal liability; a plaintiff also must establish causation. In this regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link" between the municipality's custom or policy and the constitutional deprivation at issue. *Board of County Commis of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997). Here, Plaintiff has not identified or alleged any policy or custom attributable to

13

Oakland County, and therefore, his claims are dismissed for failure to state a claim upon which relief may be granted.

Further, any claims against the Oakland County Sheriff's Department are also subject to summary dismissal on the ground that it is not a proper party to this suit. A municipal "police department is not a legal entity against wh[ich] a suit can be directed." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F.Supp. 1251, 1256 (E.D. Mich.1992) (citing *Moomey v. City of Holland*, 490 F.Supp. 188 (W.D. Mich.1980) (police department is merely creature of the city under Mich. Comp. Laws § 92.1; city is real party in interest)); *see also Michonski v. City of Detroit*, 162 Mich. App. 485, 490, 413 N.W.2d 438 (1987) (per curiam) (public lighting department is not separate legal entity against whom tort action may be brought); *see also Edward v. Jail*, Case No. 2:16-CV-11596, 2016 WL 2937146, *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983). Accordingly, the Court dismisses the Oakland County Sheriff's Department from the complaint.

C. Immunity

Lastly, Plaintiff fails to state a cognizable claim against Judges Ronda Ross and Martha Anderson because they are entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco,* 502 U.S. 9, 9–10 (1991) (per curiam) (explaining that "generally, a judge is immune from a suit for money damages"). Moreover, the 1996 amendments to Section 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief "unless a declaratory decree was violated or declaratory relief is

14

unavailable." 42 U.S.C. § 1983. And here, Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. *See also Kipen v. Lawson*, 57 F. App'x. 691 (6th Cir. 2003) (affirming dismissal of claims against federal judge under Section 1915(e) on the basis of absolute judicial immunity). Therefore, the Court dismisses Plaintiff's claims against Judges Ross and Anderson.

Similarly, Plaintiff's claims against Defendants Smith (prosecutor in Oakland County), Fillmore (an assistant prosecutor in Oakland County) and McDonald (the Oakland County Prosecutor) also fail because Smith, Fillmore, and McDonald are entitled to prosecutorial immunity. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). Thus, a prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). As the Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted).

Here, all of Plaintiff's claims against Smith, Fillmore, and McDonald arise out of their actions in charging Plaintiff with a crime. This type of quintessential prosecutorial function is protected by immunity. *See id*. The Court therefore dismisses Plaintiff's claims against Smith, Fillmore, and McDonald.

## IV. CONCLUSION

For the reasons stated, the Court orders that the claims and Defendants in this case are **DISMIISED WITH PREJUDICE,** except that Plaintiff's claims against Defendant Thompson are **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff discover or identify additional facts in support of his Eighth Amendment claims against Defendant Thompson, he may file a new civil complaint in this Court. The Court further concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

This case is closed.

**IT IS SO ORDERED.**

Dated: December 4, 2024

s/Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE